RUTLAND,
*February,*
1830.

ELIZA BARKER appellant, *vs.* JUSTUS ROGERS, administrator of the estate of *Erastus Barker*, appellee.

That commissioners appointed by the Supreme Court to report on an administrator's account, on appeal from the decree of the court of probate, must inquire into, and report upon, all matters, that may affect the balance of the account.

They also must report the items of the account, and the facts they find proved as grounds for allowing, or disallowing, any of the items.

This was an appeal from the decision of the court of probate, allowing the account of the defendant, which accrued in the settlement of the estate of the deceased. The accounts before the judge of probate, consisting of many items, showed in the hands of the administrator property to the amount of $9985 10; and the various items allowed the administrator amounted to $4520 99 : leaving in his hands a balance of $5464 11.

This appeal was entered at the last term of this court, and sent to commissioners to report the accounts : and their report was now returned ; by which it appeared that they had allowed the accounts just as they were allowed by the judge of probate, adding one or two items of claim against the administrator for monies received by him, and not credited in his account, which the appellant offered to prove ; but on objection, because these items were never urged before the court of probate, the referees excluded the testimony, and refered to this court the question upon the correctness of their decision.

The appellant filed exceptions to this report, and urged, that the testimony offered ought to have been admitted ; also urging that the report was defective, by reason of its not stating the accounts in detail, with the facts proved, as the grounds of their decision upon each item, or class of items—that such a report was as proper and necessary in this case, as in case of auditors.

HUTCHINSON, J. delivered the opinion of the court.

The commissioners appear to have misapprehended the nature and object of the appeal before this court; and the correspondent duties imposed by their commission.

RUTLAND,
February,
1830.

Barker
vs.
Rogers, admr.

It appears by the copies sent up with the appeal, from the probate court, that the administrator, having progressed in the settlement of the estate, till he was ready to render his accounts before the court of probate, caused the creditors and heirs, and all concerned, to be duly cited to be present at a given time before said probate court, and make objections to his account. At the time set he exhibited his account; and it was his duty to render an account of all the property which had come to his possession as administrator. The court of probate allowed his accounts, and decided what balance was in his hands, for the benefit of the creditors and heirs. By law any person interested in the estate of the deceased, and feeling aggrieved because the balance is no larger, may, within twenty days after pronouncing the decree, appeal to this court. *Eliza Barker*, one of the heirs in this case, has accordingly appealed from said decree. This appeal sets open every item of the accounts for examination before this court; and the appellant has a right to prove by disinterested witnesses, or by the oath of the administrator himself, any facts which will increase the balance in the hands of the administrator. Therefore, the commissioners erred in excluding the testimony offered by the appellant. The monies, to be proved in the hands of the administrator by that testimony, should be brought into the accounts; and the administrator should show, that he has paid all the debts, or the dividends of the creditors, as well as the expense of settling, that the final decision of this court may be the final settlement of the estate, as to the rights of each individual.

Furthermore, the appeal having done away the force of the decree appealed from, and set open each item of the accounts for re-examination, the commissioners should have reported upon each item, or class of items, of the accounts, and stated whether allowed or disallowed, and the reasons of their decision; that is, the facts they find proved, as the reason of their decision. There is the same reason for this particularity in the present case, that there is in any action of account that goes to auditors. They should be much more particular, than the probate court was in one respect. The account certified up shows allowances of large sums in gross, each of which must, from the nature of them, be composed of numerous smaller items, the justice and correctness

Barker
*vs.*
Rogers, admr.

of which can never be made to appear, till the component parts are brought to view.

The report must be set aside, and the commissioners be required to make a new report, at the next term of this court. In collecting the materials for this new report, they must require the administrator to produce his vouchers and proofs, and show payment of all the debts, or dividends, as the case may be, and of all the expenditures claimed by him ; so that, whatever balance may be found in his hands will belong to the heirs, and be in readiness to be decreed to them according to their several interests in the same.

It has been urged in argument, that this appeal is not the proper remedy for the appellant ; but, that she should have recourse to the administrator's bond to the court of probate. Whatever might be the remedy upon the administration bond, that does not at all interfere with this right of appeal, and the right of having the true balance ascertained in the court of probate, or in this court of appellate probate jurisdiction. If this can be effected, the use of the bond will only be to secure the payment of the balance according to the decree. And, if there should still be a failure to account for all the monies received, there might afterwards be a resort to the bond.

Let a new commission issue returnable to the next term of this court.

Report set aside.

*Hodges,* for the appellant.
*Clark,* for the appellee.